UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

    DEBTOR

CASE NO. 23-31622
CHAPTER 11

**DEBTOR'S EXPEDITED MOTION TO ESTABLISH NOTICE PROCEDURES, MASTER SERVICE LIST, AND GRANT RELATED RELIEF**

Comes Cair Heating and Cooling, LLC (the "Debtor" or "Debtor in possession"), by counsel, and hereby moves the Court for entry of an Order approving the Notice Procedures set out herein pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 2002, which the Debtor states is in the best interest of the Debtor, the Estate, its creditors, and all other parties in interest. In support hereof, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. On July 15, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). The Debtor is operating its business as a debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a)and 1108.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. The Debtor is a Kentucky limited liability company which maintains its principal place of business in Jefferson County, Kentucky. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. No trustee or examiner has been appointed in this Chapter 11 case, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5. The Debtor was formed as a Kentucky limited liability company in 2010. The Debtor's principal office is located at 1821 Cargo Court in Louisville, Jefferson County, Kentucky, where it leases a warehouse and office space.

6. The Debtor has historically been engaged in both commercial and residential HVAC installations, and currently maintains warehouses and offices in Louisville, Kentucky, Cincinnati, Ohio; Columbus, Ohio; and Indianapolis, Indiana. The majority of the Debtor's work consists of installing HVAC systems in multi-family residential projects.

7. The Debtor holds HVAC equipment in various warehouses, the majority of which is subject to purchase money security interests of the manufacturer. Both Goodman Distribution, Inc. and Daikin Comfort Technologies Distribution, Inc. have financing statements of record with the Kentucky Secretary of State asserting a lien against inventory purchased from them. Upon information and belief Goodman was acquired by Daikin Comfort Technologies. In addition, the Debtor obtained an SBA Economic Injury Disaster Loan in July of 2020, and the SBA recorded a financing statement asserting a lien in all assets of the Debtor.

8. Earlier this year, several of the general contractors that the Debtor works for began delaying payment of accounts receivable to the Debtor. This caused cash flow issues for the Debtor, who turned to merchant cash advance lenders in order to address the delayed cash flow while continuing to complete its work and begin new projects. Those lenders include On Deck Capital, LLC; Rocket Capital NY, LLC; TVT 2.0 LLC and Cucumber Capital, LLC.

Repayment of the merchant cash advance lenders was made via daily or weekly ACH debits which did not change, even if the Debtor's revenue decreased.

9. The ultimate result of the repeated ACH debits by the merchant cash advance lenders was to further restrict the Debtors' cash flow. The Debtor defaulted under the merchant cash advance agreements and several of the lenders issued UCC lien notices to general contractors with outstanding accounts receivable due to the Debtor. Consequently, several general contractors have frozen payments to the Debtor, putting it at risk of not being able to continue operations. In order to resolve the outstanding issues related to the merchant cash advance lenders, restore revenues, maintain existing contracts, and to maintain the going value of the business, the Debtor has elected to reorganize its finances under Chapter 11 of the United States Bankruptcy Code.

## **RELIEF REQUESTED**

10. The Debtor has filed a separate matrix of creditors totaling approximately 138 entities, including creditors and other parties in interest such as contract parties, regulatory agencies and taxing authorities. Under existing notice procedures, copies of all pleadings and other notices filed in this case must be served on each of the aforementioned parties in interest. The Debtor states that service of all pleadings on each party in interest is unnecessary for this reorganization proceeding and would be extremely burdensome and costly to the Estate because of the associated photocopying and postage expenses, as well as the amount of time required to assemble and coordinate such large mailings.

11. The Debtor proposes to establish a Master Service List which would include service by electronic mail, to the extent possible and to the extent parties agree to receive notice electronically, and to limit notice to the following parties and/or their counsel: the United States

Trustee, the Debtor, all secured creditors of the Debtor, the twenty largest unsecured creditors of the Debtor, any party whose interests are directly affected by a specific pleading, those persons who have formally appeared and requested service in this proceeding pursuant to Fed. R. Bankr. P. 2002, the Internal Revenue Service, the Kentucky Revenue Cabinet, and any federal or state regulatory agency or commission entitled to receive notice. The Debtor has prepared an initial Master Service List, a copy of which is attached hereto and incorporated herein by reference.

12. The Master Service List will be updated by the Debtor on a regular basis, as necessary, with a copy of each updated Master Service List being filed with the Court and served on all parties appearing on said list.

13. Notice will be limited to the Master Service List in all matters covered by Fed. R. Bankr. P. 2002 with the following exceptions:

> A. Notice of the first meeting of creditors pursuant to 11 U.S.C. § 341;
>
> B. The time fixed for filing proofs of claim pursuant to Fed. R. Bankr. P. 3003;
>
> C. Notice of any disclosure statement and plan of reorganization and transmittal of ballots for accepting or rejecting such plan; and
>
> D. The time fixed for filing objections and the hearing to consider approval of a disclosure statement and confirmation of a plan.

The aforementioned notices (collectively, "the Designated Notice Deadlines") would be provided to all parties in interest in accordance with Fed. R. Bankr. P. 2002 at their last known address as provided by the Debtor unless otherwise ordered by the Court.

14. The Debtor believes that the aforementioned modified notice procedures will reduce administrative costs and are in the best interest of the Debtor, the Estate, and its creditors, and do not prejudice the rights of any party in interest in this case, and any modifications of same may be addressed as the case progresses.

4

**BASIS FOR RELIEF**

15. The Debtor respectfully submits that this relief is appropriate under the Bankruptcy Code and Bankruptcy Rules. Pursuant to 11 U.S.C. § 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out provisions" of the Bankruptcy Code. Pursuant to Fed. R. Bankr. P. 2002(m), "The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."

16. The establishment of minimum noticing requirements will promote the Debtor's reorganization efforts by preserving assets that otherwise would be wasted by unnecessary copying, postage, and related expenses. Moreover, the Debtor will still serve parties whose interests are directly affected by any request for relief, rendering the Master Service list a starting point, not an ending point.

17. Such relief will benefit the Debtor's Estate and its creditors by conserving resources and will not prejudice the rights of any party in interest in the case.

WHEREFORE, the Debtor respectfully requests the Court enter the Order attached hereto establishing the notice procedures as set forth therein.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon
Dean A. Langdon, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

## **CERTIFICATE OF SERVICE**

       In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by first-class U.S. mail, postage prepaid, or electronic mail on July 14, 2023, on the parties listed on the Debtor's initial proposed Master Service List.

                                          /s/ Dean A. Langdon, Esq.
                                          COUNSEL FOR DEBTOR
                                          AND DEBTOR IN POSSESSION
                                          (UNDER PENDING APPLICATION)