UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

    DEBTOR

CASE NO. 23-31622
CHAPTER 11

**DEBTOR'S EXPEDITED MOTION FOR AN ORDER REGARDING ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICES**

Comes Cair Heating and Cooling, LLC (the "Debtor"), by counsel, and pursuant to 11 U.S.C. § 366 and all other applicable law, hereby moves the Court for the entry of an order: (i) prohibiting the utility companies listed on Exhibit A (each a "Utility Provider," and collectively the "Utility Providers") from altering, refusing, or discontinuing services to the Debtor; (ii) establishing a procedure for each Utility Provider to receive notice and object to the proposed adequate assurance of payment; or (iii) deeming the proposed adequate assurance of payment satisfactory to such Utility Provider (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. On July 14, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor is operating its business as a debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. The Debtor is a Kentucky limited liability company which maintains its principal place of business in Jefferson County, Kentucky. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. No trustee or examiner has been appointed in this Chapter 11 case, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5. The Debtor was formed as a Kentucky limited liability company in 2010. The Debtor's principal office is located at 1821 Cargo Court in Louisville, Jefferson County, Kentucky, where it leases a warehouse and office space.

6. The Debtor has historically been engaged in both commercial and residential HVAC installations, and currently maintains warehouses and offices in Louisville, Kentucky, Cincinnati, Ohio; Columbus, Ohio; and Indianapolis, Indiana. The majority of the Debtor's work consists of installing HVAC systems in multi-family residential projects.

7. The Debtor holds HVAC equipment in various warehouses, the majority of which is subject to purchase money security interests of the manufacturer. Both Goodman Distribution, Inc. and Daikin Comfort Technologies Distribution, Inc. have financing statements of record with the Kentucky Secretary of State asserting a lien against inventory purchased from them. Upon information and belief, Goodman has been acquired by Daiken Comfort Technologies. In addition, the Debtor obtained an SBA Economic Injury Disaster Loan in July of 2020, and the SBA recorded a financing statement asserting a lien in all assets of the Debtor.

8. Earlier this year, several of the general contractors that the Debtor works for began delaying payment of accounts receivable to the Debtor. This caused cash flow issues for the Debtor, who turned to merchant cash advance lenders in order to address the delayed cash flow while continuing to complete its work and begin new projects. Those lenders include On

Deck Capital, LLC; Rocket Capital NY, LLC; TVT 2.0 LLC and Cucumber Capital, LLC. Repayment of the merchant cash advance lenders was made via daily or weekly ACH debits which did not change, even if the Debtor's revenue decreased.

9. The ultimate result of the repeated ACH debits by the merchant cash advance lenders was to further restrict the Debtors' cash flow. The Debtor defaulted under the merchant cash advance agreements and several of the lenders issued UCC lien notices to general contractors with outstanding accounts receivable due to the Debtor. Consequently, several general contractors have frozen payments to the Debtor, putting it at risk of not being able to continue operations. In order to resolve the outstanding issues related to the merchant cash advance lenders, restore revenues, maintain existing contracts, and to maintain the going value of the business, the Debtor has elected to reorganize its finances under Chapter 11 of the United States Bankruptcy Code.

## **RELIEF REQUESTED**

10. The Debtor currently uses electricity/gas, water, telephone/internet, and waste removal services in its operation, which are provided by certain Utility Providers listed on the attached <u>Exhibit A</u>.[1] By this Motion, the Debtor requests entry of an Order (i) determining the amount of adequate assurance required for any Utility Provider; (ii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition sums owed; and (iii) approving the procedures set for the below for establishing adequate assurance, including the authority to make payments to Utility Providers for services rendered prior to the Petition Date. Further, based on the time constraints set forth in 11 U.S.C. § 366, the Debtor requests expedited consideration of this Motion.

3

11. Because the Utility Providers provide essential services, any interruption in such services would prove devastating to the Debtor's ability to continue its operations. The temporary or permanent discontinuation of utility services at the Debtor's facility would severely restrict the Debtor's ability to continue operating and could cause irreparable harm. In addition, any pre-petition sums due to Utility Providers is *de minimis*.

12. The Debtor proposes to deliver to its counsel, to be held in escrow, cash deposits (the "Cash Deposits") for each Utility Provider in the amounts set forth on <u>Exhibit A</u> to provide adequate assurance of payment for postpetition services (the "Assurance of Payment"). These amounts represent what the Debtor estimates to be half of the approximate average cost of one month of service charges for each Utility Provider minus any deposit already being held by a Utility Provider. As stated, the Debtor's counsel shall hold the Cash Deposits in escrow. In the event the Debtor fails to timely satisfy its postpetition obligations to any Utility Provider, such Utility Provider may file a notice in the record and request payment of its respective Cash Deposit out of the said escrow fund to pay any unsatisfied postpetition obligation of the Debtor. The Debtor believes the Cash Deposits will provide adequate assurance of payment for postpetition services given their prior payment and billing history with each Utility Provider. The Cash Deposits will be made within five business days of the entry of a final order.

13 Pursuant to 11 U.S.C. §§ 366(a) and (c), an injunction against discontinuance of utility services is in place for the Debtor's benefit in this Chapter 11 case unless "during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2).

---

[1] The Debtor believes that the Utility Companies listed in <u>Exhibit A</u> (attached hereto) are a "utility" within the

4

14. The Debtor submits that the Assurance of Payment satisfies the requirements of 11 U.S.C. § 366(c). Accordingly, the Debtor requests that the Court approve a procedure whereby the proposed Assurance of Payment is deemed acceptable and satisfactory to the Utility Providers unless an objection is filed on or before August 4, 2023. The Debtor further requests that a hearing be scheduled for the purpose of addressing any objection hereto (including any requests for injunctions and/or modifications of the Assurance of Payment pursuant to 11 U.S.C. § 366(c)(3)) on or before August 11, 2023. In the event no objection is filed on or before August 4, 2023, the Debtor requests entry of an Order deeming the Assurance of Payment acceptable and satisfactory to the respective Utility Providers.

15. The Debtor also requests an interim order directing that no objection to the amount of the proposed Assurance of Payment shall be grounds for any Utility Provider to alter, refuse, or discontinue service to or discriminate against the Debtor until such time as the Court rules on such objection at the conclusion of a final hearing. The Debtor will work with any Utility Provider to reach an agreement.

16. The requested procedure is in conformity with the changes to 11 U.S.C. § 366 as modified by the Bankruptcy Abuse Prevention and Consumer Act of 2005 ("BAPCPA"). The procedure does not usurp the protections afforded to either the Debtor or Utility Providers under BAPCPA. It merely ensures that the Debtor is given adequate notice of any disagreement and an opportunity for court intervention as provided by 11 U.S.C. § 366(c)(3).

**<u>RESERVATION OF RIGHTS</u>**

17. Nothing in this Motion should be construed as (a) authority to assume or reject any executory contract or unexpired lease of real property, or as a request for the same; (b) an

---

meaning of 11 U.S.C. § 366.

5

admission as to the validity, priority, or character of any claim or other asserted right or obligation, or a waiver or other limitation on Debtor's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (c) a promise to pay any claim or other obligation; (d) granting third-party-beneficiary status or bestowing any additional rights on any third party; (e) being otherwise enforceable by any third party; or (f) prejudicial to Debtor's rights to contest any amounts owed to a Utility Company. Nothing contained in the Interim Order or the Final Order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect any claim to the extent it is not paid.

## **NOTICE**

18.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Western District of Kentucky; (b) the entities listed on Debtor's List of Creditors Holding the 20 Largest Unsecured Claims; (c) any party that has requested notice under Bankruptcy Rule 2002; and (d) the Utility Companies. In light of the nature of the relief requested, Debtor respectfully submits that no further notice is required.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order: (i) prohibiting the Utility Providers from altering, refusing, or discontinuing services to or discriminating against the Debtor; (ii) establishing a procedure for each Utility Provider to object to the proposed adequate Assurance of Payment and/or deeming the proposed adequate Assurance of Payment satisfactory as to such Utility Provider; (iii) scheduling a final hearing to address any objection to the Motion or the adequacy of the Assurance of Payment; (iv) directing that no objection to the amount of the proposed Assurance of Payment shall be grounds for any Utility Provider to alter, refuse, or discontinue service to or discriminate against the Debtor until such time as the Court rules on such objection at the conclusion of a final hearing; and (v) granting the Debtor such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

 /s/ Dean A. Langdon
Dean A. Langdon, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

**CERTIFICATE OF SERVICE**

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by first-class U.S. mail, postage prepaid, or electronic mail on July 14, 2023, on the parties listed on the Debtor's initial Master Service List and the following utility providers:

LG&E
Attn: Revenue collection
820 West Broadway
Louisville, KY 40202
Email: Revenue_collection@lge-ku.com
Fax 502-627-2946
Email: Revenue_collection@lge-ku.com

Republic Services
11563 Mosteller Rd
Cincinnati, OH 45241

Duke Energy
PO Box 1094
Charlotte, NC 28201-1094

Sprint
Office of Privacy—Legal Department Sprint
P.O. Box 4600
Reston, VA 20195

Spectrum
Charter Communications Oper., LLC
ATTN: Comml Contracts Management Corporate –
Legal Operations
12405 Powerscourt Drive
St. Louis, MO 63131

Waste Management
PO Box 9001054
Louisville, KY 40290

DTE Energy
PO Box 70726
Cincinnati, OH 45274

/s/ Dean A. Langdon, Esq.
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)