UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

    DEBTOR

CASE NO. 23-31622
CHAPTER 11

**ORDER GRANTING DEBTOR'S EXPEDITED MOTION
FOR AN ORDER REGARDING ADEQUATE ASSURANCE
OF PAYMENT FOR UTILITY SERVICES**

This matter having come before the Court on the Debtor's Expedited Motion for an Order Regarding Adequate Assurance of Payment for Utility Services (the "Motion"); the Court having reviewed the Motion and having heard arguments of counsel at a hearing before the Court; it appearing that no objections having been filed or any timely objections being hereby overruled; and it also appearing that notice of the Motion was sufficient under the circumstances; and the Court having reviewed the record and being otherwise sufficiently advised and finding that the Debtor has shown sufficient cause to justify the relief sought;

**IT IS HEREBY ORDERED** as follows:

1.    The Motion is GRANTED.

2.    The Debtor shall provide assurance of payment for postpetition services by tendering the Cash Deposits[1] to the escrow account of DelCotto Law Group PLLC within five (5) business days of the entry of this Order to be held for the benefit of the Utility Providers listed on <u>Exhibit A</u> to the Motion and to be applied as set forth in the Motion (the "Assurance of Payment"). Therefore, pursuant to 11 U.S.C. §§ 366, no Utility Provider may alter, refuse,

---

[1] All capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

terminate, or discontinue services to and/or discriminate against the Debtor on the basis of the commencement of this Chapter 11 case on account of an unpaid invoice for the service provided by any of the Utility Providers to the Debtor prior to the Petition Date. In addition, the Debtor is authorized, but not directed, to pay Utility Provides for sums due for services provided pre-petition, the Court having found any such payments are *de minimis.*

3. Any Utility Provider's objection to its proposed Assurance of Payment shall be filed by July 28, 2023, and shall be served upon:  (a) DelCotto Law Group PLLC, Attn: Dean Langdon, 200 North Upper Street, Lexington, Kentucky 40507, dlangdon@dlgfirm.com, counsel to the Debtor; (b) the Office of the United States Trustee; and (c) any party that has filed a notice of appearance in this Chapter 11 case.

4. No objection to the amount of the proposed Assurance of Payment shall be grounds for any Utility Provider to alter, refuse, or discontinue service to or discriminate against the Debtor until such time as the Court rules on such objection at the conclusion of a final hearing.

5. If any objection is timely filed, the objecting party shall notice a hearing on such objection for August __, 2023, at _____.m. (ET) before the United States Bankruptcy Court for the Western District of Kentucky, Louisville Division.  If no objections are timely filed, the Assurance of Payment shall be deemed satisfactory to the Utility Provider within the meaning of 11 U.S.C. § 366(c)(2) and this Order will become a final Order without need for any further hearing.

Tendered by:

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)