UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

DEBTOR

CASE NO. 23-31622
CHAPTER 11

**DEBTOR'S EXPEDITED MOTION FOR INTERIM USE OF CASH COLLATERAL AND AUTHORIZING AND DIRECTING THE PAYMENT OF OUTSTANDING ACCOUNTS RECEIVABLE TO THE DEBTOR**

Comes Cair Heating and Cooling, LLC, as a debtor and debtor in possession (the "Debtor"), by counsel, and pursuant to 11 U.S.C. §§ 105, 361 and 363 and Fed. R. Bankr. P. 4001, and other applicable law, and hereby moves the Court for the entry of an Order for Interim Use of Cash Collateral, authorizing and directing the payment of outstanding accounts receivable to the Debtor (the "Interim Order"), and for authority to use cash collateral as set forth on the budget attached hereto as Exhibit A (the "Budget") for an interim period, until a final hearing for continued use can be held, to provide adequate protection as set forth herein, and for approval of shortened and limited notice of hearing (the "Motion"). Debtor states that entry of the Interim Order is necessary to ensure continued going-concern operations, to protect and preserve the value of the Debtor's assets and ongoing operations, and to ensure operations are continued. In support of the Motion, Debtor states as follows:

**RULE 4001(b) STATEMENT:**

(a) Name of Each Entity That May Claim an Interest in Cash Collateral (all entities collectively referred to as the "Cash Collateral Creditor"): Cucumber Capital LLC, Daikin Comfort Technology Distribution, Inc., U.S. Small Business Administration, On Deck Capital, LLC, Rocket Capital NY, LLC, and TVT 2.0, LLC (collectively, the "Cash Collateral Creditors") may claim an interest in Cash Collateral based on security agreements and UCC-1 filings. The Debtor is unaware of any other entities claiming an interest in cash collateral.

1

(b) <u>Purposes for the Use of Cash Collateral</u>: As set forth in more detail in the Budget attached hereto as <u>Exhibit A</u>, the Debtor proposes to use Cash Collateral to meet its postpetition obligations and to pay its expenses, general and administrative operating expenses, and other necessary costs and expenses incurred during the pendency of the bankruptcy case.

(c) <u>Terms and Duration</u>: The Debtor seeks authority to use cash collateral in the amounts as set forth on the Budget for the interim period through any final hearing date, and in addition to or pursuant to subsequent proposed budgets to be filed with the Court. The Debtor seeks to use Cash Collateral as set forth on the Budget; provided, however, that the Debtor does not exceed the total Budget amount by more than ten percent (10%). Any expenditure which would cause the Debtor to exceed the total Budget by more than ten percent (10%) shall require the approval of the Court or consent of the Cash Collateral Creditors.

(d) <u>Adequate Protection</u>: In consideration of the Cash Collateral Creditors' consent to the use of the Cash Collateral by the Debtor and as part of the adequate protection for any diminution in the value of the Cash Collateral Creditors' interests in the prepetition collateral, pursuant to 11 U.S.C. §§ 361 and 363, the Debtor proposes to grant the Cash Collateral Creditors replacement liens upon future receipts and all assets of the Debtor of the same type and description as the prepetition collateral as of the Petition Date (the "Replacement Lien"). Debtor shall continue to account for all cash use, and the proposed cash use is being incurred to preserve property of the Estate.

## JURISDICTION AND VENUE

1. On July 14, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). The Debtor is operating its business as a debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. The Debtor is a Kentucky limited liability company which maintains its principal place of business in Jefferson County, Kentucky. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. No trustee or examiner has been appointed in this Chapter 11 case, and no creditors' committee or other official committee has been appointed.

**BACKGROUND**

5. The Debtor was formed as a Kentucky limited liability company in 2010. The Debtor's principal office is located at 1821 Cargo Court in Louisville, Jefferson County, Kentucky, where it leases a warehouse and office space.

6. The Debtor has historically been engaged in both commercial and residential HVAC installations, and currently maintains warehouses and offices in Louisville, Kentucky, Cincinnati, Ohio; Columbus, Ohio; and Indianapolis, Indiana. The majority of the Debtor's work consists of installing HVAC systems in multi-family residential projects.

7. The Debtor holds HVAC equipment in various warehouses, the majority of which is subject to purchase money security interests of the manufacturer. Both Goodman Distribution, Inc. and Daikin Comfort Technologies Distribution, Inc. have financing statements of record with the Kentucky Secretary of State asserting a lien against inventory purchased from them. Upon information and belief, Goodman has been acquired by Daikin Comfort Technologies. In addition, the Debtor obtained an SBA Economic Injury Disaster Loan in July of 2020, and the SBA recorded a financing statement asserting a lien in all assets of the Debtor.

8. Earlier this year, several of the general contractors that the Debtor works for began paying accounts receivable to the Debtor on a delayed basis. This caused cash flow issues for the Debtor, who turned to merchant cash advance lenders in order to address the delayed cash flow while continuing to complete its work and begin new projects. Those lenders include On Deck Capital, LLC; Rocket Capital NY, LLC; TVT 2.0 LLC and Cucumber Capital, LLC. Repayment of the merchant cash advance lenders was made via daily or weekly ACH debits which did not change, even if the Debtor's revenue decreased.

9.     The ultimate result of the repeated ACH debits by the merchant cash advance lenders was to further constrict the Debtors' cash flow. The Debtor defaulted under the merchant cash advance agreements and several of the lenders issued UCC lien notices to general contractors with outstanding accounts receivable due to the Debtor. Specifically, the Debtor is aware that UCC lien notices were issued to these clients: Bosse Construction, Arbor Homes/Clayton Properties Group, Clover Construction Management, J.A. Fielden Co., Inc., Thorndale Construction and Ruscilli. Other general contractors have likely received UCC lien notices that the Debtor is unaware of.

10.     Consequently, several general contractors have frozen payments to the Debtor, putting it at risk of not being able to continue operations. In order to resolve the outstanding issues related to the merchant cash advance lenders, restore revenues, maintain its existing contracts, and to maintain the going value of the business, the Debtor has elected to reorganize its finances under Chapter 11 of the United States Bankruptcy Code.

## **RELIEF REQUESTED**

11.     Cucumber Capital LLC, Daikin Comfort Technology Distribution, Inc., U.S. Small Business Administration, On Deck Capital, LLC, Rocket Capital NY, LLC and TVT 2.0, LLC (collectively, the "Cash Collateral Creditors")[1] may claim an interest in Cash Collateral based on their security agreements, the UCC-1 filings lodged with the Kentucky Secretary of State's office, and UCC-1 lien notices served upon general contractors engaging the Debtor. The Debtor requests that the Court specifically authorize and direct each and every general contractor (whether or not specifically identified above) to pay and deliver to the Debtor any and all sums owed for work

---

[1] Several of the UCC-1 financing statements of record with the Kentucky Secretary of State's office are filed by representatives of unidentified creditors. The Debtor believes it has accurately identified the actual creditors who may claim an interest in the Debtor's cash collateral.

performed and materials supplied, regardless of any UCC-1 lien notices delivered to the general contractors.

12. The Debtor seeks the authority to use Cash Collateral on an interim basis and to set a final hearing for continued cash use. If no objections are filed, Debtor seeks permission to use Cash Collateral on a final basis for the budget period (through August 11, 2023) attached as Exhibit A. As used herein, "Cash Collateral" shall mean (i) all cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents derived from any secured creditor's collateral; and (ii) proceeds, rents, or profits of any secured creditor's collateral, including without limitation all amounts (A) received by the Debtor in the collection of the Debtor's prepetition account receivables and received by either the Debtor or its assignees, and (B) generated by the Debtor's operations, both prepetition and postpetition, and received by the Debtor or its assignees. The Cash Collateral Creditors are secured by essentially all business assets of the Debtor. Due to the value of collateral securing the Cash Collateral Creditors' obligations, the Debtor does not believe any adequate protection payments are warranted during the interim period because its continued use of Cash Collateral will enable the Debtor to generate revenue in excess of its projected normal operating expenses. However, the Debtor is open to negotiating some form of reasonable payment with the Cash Collateral Creditors for adequate protection.

13. Debtor's need to use Cash Collateral is essential to continuation of this Chapter 11 proceeding and to ensure continued going-concern operations to maximize the recovery to all creditors. The Debtor's clients need clear authority to pay and deliver outstanding sums due to the Debtor in lieu of the UCC-1 Lien Notices they have received. Without the use of Cash Collateral as a means of providing working capital, the Debtor cannot meet its ongoing obligations incurred in the ordinary course of business which are linked to Debtor's continued operations. In short,

Debtor is unable to operate without the use of Cash Collateral and the entry of an Interim Order is necessary to avoid immediate and irreparable harm to the Debtor's operations, its creditors, and other parties in interest. The Budget reflects the minimum operating expenses required to pay outstanding wages, maintain operations and pay, insurance, utilities and taxes pending a subsequent hearing.

14. To preserve the value of the Debtor's assets, the Debtor requires the interim use of Cash Collateral, and without such use, the value of the Debtor's assets will immediately and substantially diminish and the Debtor would be forced to cease its operations.

15. Section 363(c)(2) of the Bankruptcy Code provides that a debtor "may not use, sell or lease cash collateral . . . unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section."

16. Debtor is unable to otherwise obtain funds, either unsecured or secured, in an amount necessary for the maintenance and preservation of the Debtor's assets from sources other than as provided by the use of Cash Collateral pursuant to the terms of the Interim Order or such other interim order as the Court may approve.

17. Good cause has been shown for the entry of the Interim Order. Among other things, entry of the Interim Order will allow the Debtor to maintain its operations and preserve its assets and to maximize recovery to all creditors. Further, the use of Cash Collateral will allow the Debtor to pay other expenses necessary to maintain the Debtor's ongoing operations.

18. Additionally, the Debtor requests relief without prejudice to future "carve-out" requests of Cash Collateral to pay its attorneys or other professionals in this Chapter 11 proceeding

if necessary. A minimal carve-out in the amount of $6,500 per week for legal and accounting fees is being sought during this interim period.

19. The Debtor proposes entry of the Interim Order approving the Budget. The Debtor proposes using Cash Collateral pursuant to the Budget, subject to the ability to exceed the Budget by up to a total of ten percent (10%) of projected expenses. As adequate protection for any diminution in the value of the Cash Collateral Creditors' interests in the Cash Collateral, pursuant to 11 U.S.C. §§ 361 and 363, the Debtor proposes to grant the Cash Collateral Creditors the Replacement Liens, subject only to any valid and enforceable, perfected, and non-avoidable liens of other secured creditors. The Debtor is open to negotiating adequate protection payments with its Cash Collateral Creditors but no payment is being offered during this interim period. As further adequate protection, the Debtor shall continue to account for all cash use, and the proposed cash use is being incurred to preserve property of the Estate.

20. The proposed interim use of Cash Collateral is for the time period until such date as the Court may set a final hearing on this Motion, which final hearing date is likewise being requested hereby. The Debtor further proposes that it be permitted to a) modify or amend the Budget at any time pursuant to agreed order with the Cash Collateral Creditors; and b) in the absence of such agreement, file a modified budget with the Court with service upon all secured and tax creditors, which shall become an approved budget under a final cash collateral order unless a written objection is filed with the Court within five (5) business days. In the event an objection is filed to a modified Budget, the Debtor shall be authorized to use cash collateral pursuant to the modified Budget, except for expenses which are the subject of an objection, pending further orders of this Court.

## REQUEST FOR SHORTENED AND LIMITED NOTICE OF HEARING

21.     As the relief requested herein is critical to the Debtor's operations and requires an expedited hearing, Debtor requests shortened notice of hearing on limited notice.  Debtor will serve notice of the Motion on all parties with an interest in cash collateral and on the parties listed on the attached Service List.

WHEREFORE, the Debtor respectfully requests entry of an Order for Interim Use of Cash Collateral, and that the Court hear the Motion on shortened and limited notice.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ *Dean A. Langdon*
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing document was served on July 14, 2023, by electronic mail and/or first-class U.S. mail, postage fully prepaid, on all creditors and parties of interest listed on the attached Master Service List.

/s/ *Dean A. Langdon*
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

**Cair Heating and Cooling, LLC**
**Master Service List dated July 14, 2023**

| Name | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|
| Air Mechanical Sales | 1949 Lexington Road | | | Georgetown | KY | 40324 |
| Big Time Advertising Inc | 22615 State Road 120 | | | Elkhart | IN | 46516-5369 |
| Boone County Fiscal Court | 2950 Washington Square | | | Burlington | KY | 41005 |
| Corken Steel Products Co. | 1226 West Market St | | | Louisville | KY | 40203 |
| Cucumber Capital LLC | 445 Central Ave | | | Cedarhurst | NY | 11516 |
| Daikin Comfort Technologies North Americ | Attn: Simon Lin | 19001 Kermier Road | | Waller | TX | 77484 |
| Department for Employment Services | P. O. Box 948 | | | Frankfort | KY | 40602-0948 |
| Electrical Contractors NW Inc | Po Box 254 | | | Pullman | WA | 99163 |
| Energy Rotation Systems LLC | 4790 W 73rd Street | | | Indianapolis | IN | 46268 |
| Famous Supply | PO Box 951344 | | | Cleveland | OH | 44193 |
| Florence Government Center | 8100 Ewing Boulevard | | | Florence | KY | 41042 |
| Habegger Corp. | 11413 Enterprise Park Dr | | | Cincinnati | OH | 45241 |
| Idaho State Tax Commission | 11321 W Chinden Blvd | | | Boise | ID | 83714 |
| Impact | PO Box 739 | | | Lexington | KY | 40588 |
| Indiana Department of Revenue | PO Box 7222 | | | Indianapolis | IN | 46207-7222 |
| Indiana Dept. of Workforce Development | Indiana Govt. Center South | 10 N. Senate Avenue | | Indianapolis | IN | 46204 |
| Internal Revenue Service | P.O. Box 7346 | | | Philadelphia | PA | 19101-7346 |
| Jackson Systems | 5418 Elmwood Ave | | | Indianapolis | IN | 46203 |
| Jefferson County Sheriff's Office | PO Box 34570 | | | Louisville | KY | 40232-4570 |
| KY Dept. of Revenue | Legal Branch - Bankruptcy Section | P. O. Box 5222 | | Frankfort | KY | 40602 |
| Lennox Industries Inc. | P.O Box 910549 | | | Dallas | TX | 75391 |
| National Labor Relations Board | Region 25 | 575 N. Pennsylvania St, Ste 238 | | Indianapolis | IN | 46204-1520 |
| Nebraska Department of Revenue | PO Box 98934 | | | Lincoln | NE | 68509-8934 |
| Office of Unemployment Insurance Operati | PO Box 182212 | | | Columbus | OH | 43218-2212 |
| Ohio Department of Revenue | Tax Commissioner's OFfice | Bankruptcy Division | 4485 Northland Ridge Blvd. | Columbus | OH | 43229 |
| On Deck Capital, LLC | c/o Devon Dean | 4700 W. Daybreak Pkwy, Ste 200 | | South Jordan | UT | 84009 |
| RITA | PO Box 89475 | | | Cleveland | OH | 44101-6475 |
| Rocket Capital NY LLC | c/o Joe Lieberman, Esq. | Lieberman and Klestzick, LLP | PO Box 356 | Cedarhurst | NY | 11516 |
| South Carolina Department of Revenue | Income Tax | PO Box 125 | | Columbia | SC | 29214-0400 |
| Sunbelt Rentals | PO Box 409211 | | | Atlanta | GA | 30384-9211 |
| Tom Barrow Company | 732 Joseph E. Lowery Blvd. NW | | | Atlanta | GA | 30318 |
| Trane HVAC Parts & Supplies | 12700 Plantside Dr | | | Louisville | KY | 40299 |
| Trane U.S. Inc. | PO Box 403271 | | | Atlanta | GA | 30384-3271 |
| TVT 2.0 LLC | Contracts Team | 881 Baxter Dr, Ste 100 | | South Jordan | UT | 84095 |
| TVT 2.0 LLC | c/o Recovery of Judgment | Derek Medolla, Esq. | 1407 Broadway 29th Floor | New York | NY | 10018 |
| U.S. Small Business Administration | 2 North Street, Ste 320 | | | Birmingham | AL | 35203 |
| Val Pak | 3036 Breckenridge Lane, Ste. 203 | | | Louisville | Ky | 40220 |
| Washington Employment Security Dept. | PO Box 9046 | | | Olympia | WA | 98507-9046 |
| Trane U.S. Inc. | 3600 Pammel Creek Rd | | | La Crosse | WI | 54601-7599 |