UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

    DEBTOR

CASE NO. 23-31622
CHAPTER 11

**EMERGENCY MOTION TO HEAR CERTAIN
"FIRST DAY" MOTIONS ON AN EXPEDITED BASIS**

Comes Cair Heating and Cooling, LLC, as a debtor and debtor in possession (the "Debtor"), by counsel, and hereby moves the Court for an order pursuant to 11 U.S.C. § 105(a) and L.B.R. 9013-1(b) (W. D. Ky.) convening expedited hearings on certain "first day" motions filed by the Debtor and identified in this Motion (hereinafter "Emergency Motion"). In support of this Emergency Motion, Debtor state as follows:

### JURISDICTION AND VENUE

1. On July 14, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtor is operating its business as a debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. The Debtor is a Kentucky limited liability company which maintains its principal place of business in Jefferson County, Kentucky. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. No trustee or examiner has been appointed in this Chapter 11 case, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5. The Debtor was formed as a Kentucky limited liability company in 2010. The Debtor's principal office is located at 1821 Cargo Court in Louisville, Jefferson County, Kentucky, where it leases a warehouse and office space.

6. The Debtor has historically been engaged in both commercial and residential HVAC installations, and currently maintains warehouses and offices in Louisville, Kentucky, Cincinnati, Ohio; Columbus, Ohio; and Indianapolis, Indiana. The majority of the Debtor's work consists of installing HVAC systems in multi-family residential projects.

7. The Debtor holds HVAC equipment in various warehouses, the majority of which is subject to purchase money security interests of the manufacturer. Both Goodman Distribution, Inc. and Daikin Comfort Technologies Distribution, Inc. have financing statements of record with the Kentucky Secretary of State asserting a lien against inventory purchased from them. Upon information and belief Goodman has been acquired by Daikin Comfort Technologies. In addition, the Debtor obtained an SBA Economic Injury Disaster Loan in July of 2020, and the SBA recorded a financing statement asserting a lien in all assets of the Debtor.

8. Earlier this year, several of the general contractors that the Debtor works for began delaying payment of accounts receivable to the Debtor. This caused cash flow issues for the Debtor, who turned to merchant cash advance lenders in order to address the delayed cash flow while continuing to complete its work and begin new projects. Those lenders include On Deck Capital, LLC; Rocket Capital NY, LLC; TVT 2.0 LLC and Cucumber Capital, LLC. Repayment of the merchant cash advance lenders was made via daily or weekly ACH debits which did not change, even if the Debtor's revenue decreased.

9. The ultimate result of the repeated ACH debits by the merchant cash advance lenders was to further restrict the Debtors' cash flow. The Debtor defaulted under the merchant cash advance agreements and several of the lenders issued UCC lien notices to general contractors with outstanding accounts receivable due to the Debtor. Consequently, several general contractors have frozen payments to the Debtor, putting it at risk of not being able to continue operations. In order to resolve the outstanding issues related to the merchant cash advance lenders, restore revenues, to maintain existing contracts, and to maintain the going value of the business, the Debtor has elected to reorganize its finances under Chapter 11 of the United States Bankruptcy Code.

## **RELIEF REQUESTED**

10. By this Emergency Motion, Debtor seeks to have this Court convene expedited hearings on the following motions and applications filed by Debtor (collectively, the "First Day Motions"):

   a) Debtors' Expedited Motion for Interim Use of Cash Collateral and Authorizing and Directing the Payment of Outstanding Accounts Receivable to the Debtor [ECF No. 9];
   b) Debtors' Expedited Motion for an Order Regarding Adequate Assurance of Payment for Utility Services [ECF No. 7];
   c) Debtors' Expedited Motion for an Order (A) Authorizing Debtor to Pay and Honor Prepetition Wages, Benefits and Related Items; (B) Authorizing the Debtor to Pay Independent Subcontractors; and (C) Authorizing Financial Institutions to Honor and Process Transfers Related to Said Obligations [ECF No. 8]; and
   d) Debtor's Expedited Motion to Establish Notice Procedures, Master Service List, and Grant Related Relief [ECF No. 6].

11. As set forth in detail in each of the First Day Motions, the relief requested therein is essential to maintaining the Debtor's business without interruption and for the seamless continuation of services. Accordingly, the Debtor believes that these First Day Motions involve matters that necessitate expedited hearings and respectfully requests that this Court schedule

such hearings (the "First Day Hearings") at such date and time as this Court may deem appropriate.

12. Debtor proposes to serve notice of the filing of the First Day Motions and the expedited hearings thereon via facsimile, electronic mail or first-class mail to (1) all secured creditors who are not represented by counsel; (2) all counsel of record for parties in interest; (3) the U.S. Trustee; (4) the Debtor's 20 Largest Unsecured Creditors as designated in the Debtor's Petition; (5) all governmental units having claims; and (6) all persons who filed a request to receive such notices.

13. Because the number of parties affected by the First Day Motions is necessarily voluminous (every creditor is affected by the First Day Motions), serving notice on all affected parties is impracticable. Therefore, the Debtor requests that service of notice on those parties listed above in the form and manner described above be deemed adequate and appropriate under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of the Western District of Kentucky.

14. Local Bankruptcy Rule 9013-1 specifically contemplates the entry of relief of the nature sought herein. *See* L.B.R. 9013-1 (W. D. Ky.). Additionally, Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of Section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." Lawrence P. King et al., Collier on Bankruptcy ¶ 105.02, at 105 5 (15th ed. 1996). Section 105(a) essentially codifies the Bankruptcy Court's inherent equitable powers. *See Matter of Management Technology Corp.*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (court's equitable power is derived from Section 105).

15. The failure to hear the First Day Motions on an expedited basis will severely threaten Debtor's existence during this Chapter 11 case and its ability to continue as a going concern. Accordingly, good cause exists under the circumstances for granting the relief sought by this Emergency Motion.

16. Because of the exigencies of the circumstances and the irreparable harm to the Debtor that will ensue if the relief requested herein is not granted, the Debtor submits that no other notice need be given.

17. No prior motion for the relief requested herein has been made by Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order: (i) setting expedited hearings on the First Day Motions at such time as the Court may deem appropriate; (ii) finding that service of the notice of filing of the First Day Motions and the expedited hearings hereon, via hand delivery, facsimile, electronic mail and/or overnight mail, on the parties set forth above is sufficient and adequate notice under the circumstances and in full compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules of this Court; and (iii) granting such other and further relief as the Court may deem proper.

A proposed Order is tendered herewith.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ *Dean A. Langdon*
Dean A. Langdon, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION

**CERTIFICATE OF SERVICE**

       In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing document was served on July 14, 2023, by electronic mail and/or first-class U.S. mail, postage fully prepaid, on all creditors and parties of interest listed on the proposed Master Service List.

                              /s/ *Dean A. Langdon*
                              COUNSEL FOR DEBTOR
                              AND DEBTOR IN POSSESSION
                              (UNDER PENDING APPLICATION)