UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

    DEBTOR

CASE NO. 23-31622
CHAPTER 11

### APPLICATION OF DEBTOR FOR AN ORDER AUTHORIZING EMPLOYMENT OF DELCOTTO LAW GROUP PLLC

Cair Heating and Cooling, LLC, as debtor and debtor in possession (the "Debtor"), respectfully requests entry of a final order pursuant to 11 U.S.C. §327(a) and §328(a) authorizing it to employ DelCotto Law Group PLLC (the "Firm") as its attorneys, effective as of July 14, 2023 (the "Petition Date"). In support of this Application, the Debtor submits the Declaration of Dean A. Langdon, attorney with the Firm (the "Declaration") attached hereto as Exhibit A. In further support of this Application, the Debtor states as follows:

### JURISDICTION AND VENUE

1.    On July 14, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). The Debtor is operating its business as a debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.    This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.    The Debtor is a Kentucky limited liability company which maintains its principal place of business in Jefferson County, Kentucky. Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. § 1408 and 1409.

4. No trustee or examiner has been appointed in this Chapter 11 case, and no creditors' committee or other official committee has been appointed.

## BACKGROUND

5. The Debtor was formed as a Kentucky limited liability company in 2010. The Debtor's principal office is located at 1821 Cargo Court in Louisville, Jefferson County, Kentucky, where it leases a warehouse and office space.

6. The Debtor has historically been engaged in both commercial and residential HVAC installations, and currently maintains warehouses and offices in Louisville, Kentucky, Cincinnati, Ohio; Columbus, Ohio; and Indianapolis, Indiana. The majority of the Debtor's work consists of installing HVAC systems in multi-family residential projects.

7. The Debtor holds HVAC equipment in various warehouses, the majority of which is subject to purchase money security interests of the manufacturer. Both Goodman Distribution, Inc. and Daikin Comfort Technologies Distribution, Inc. have financing statements of record with the Kentucky Secretary of State asserting a lien against inventory purchased from them. Upon information and belief, Goodman has been acquired by Daikin Comfort Technologies. In addition, the Debtor obtained an SBA Economic Injury Disaster Loan in July of 2020, and the SBA recorded a financing statement asserting a lien in all assets of the Debtor.

8. Earlier this year, several of the general contractors that the Debtor works for began paying accounts receivable to the Debtor on a delayed basis. This caused cash flow issues for the Debtor, who turned to merchant cash advance lenders in order to address the delayed cash flow while continuing to complete its work and begin new projects. Those lenders include On Deck Capital, LLC; Rocket Capital NY, LLC; TVT 2.0 LLC and Cucumber Capital, LLC. Repayment

of the merchant cash advance lenders was made via daily or weekly ACH debits which did not change, even if the Debtor's revenue decreased.

9. The ultimate result of the repeated ACH debits by the merchant cash advance lenders was to further constrict the Debtors' cash flow. The Debtor defaulted under the merchant cash advance agreements and several of the lenders issued UCC lien notices to general contractors with outstanding accounts receivable due to the Debtor. Specifically, the Debtor is aware that UCC lien notices were issued to these clients: Bosse Construction, Arbor Homes/Clayton Properties Group, Clover Construction Management, J.A. Fielden Co., Inc., Thorndale Construction and Ruscilli. Other general contractors have likely received UCC lien notices that the Debtor is unaware of.

10. Consequently, several general contractors have frozen payments to the Debtor, putting it at risk of not being able to continue operations. In order to resolve the outstanding issues related to the merchant cash advance lenders, restore revenues, maintain its existing contracts, and to maintain the going value of the business, the Debtor has elected to reorganize its finances under Chapter 11 of the United States Bankruptcy Code.

## **RELIEF REQUESTED**

11. The Debtor seeks to employ the Firm as its attorneys in connection with the commencement and prosecution of this Chapter 11 case pursuant to 11 U.S.C. §§ 327 and 328(a). The Debtor requests that this Court approve the employment of the Firm as counsel for the Debtor, under a general retainer, to perform the legal services that will be necessary during this Chapter 11 case.

12 The Debtor has selected the Firm as its attorneys because of the Firm's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under

Chapter 11 of the Bankruptcy Code. The Debtor believes that the Firm is both well-qualified and able to represent it in this Chapter 11 case in an efficient and timely manner.

13. The services of the Firm under a general retainer are necessary to enable the Debtor to faithfully execute its duties as Debtor and Debtor in possession. Subject to further order of this Court, the Firm will render the following professional services:

(a) To take all necessary action to protect and preserve the Estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defenses of any actions commenced against the Debtor, negotiations concerning all litigation in which the Debtor is involved, and objections to claims filed against the Estate;

(b) To prepare on behalf of the Debtor, as Debtor in possession, necessary motions, applications, schedules, statements, answers, orders, reports and papers in connection with the administration of its Estate;

(c) To negotiate and prepare on behalf of the Debtor a plan of reorganization and all related documents; and

(d) To perform all other necessary legal services in connection with this Chapter 11 case.

14. The Firm has stated its desire and willingness to act in this case and to render the necessary professional services in accordance with the terms set forth herein, subject to approval of its employment by the Court and approval of acceptable "carve-out" or other payment arrangements for payment of its allowed fees and expenses in accordance with any budgets submitted by the Debtor or approved by this Court.

15. To the best of the Debtor's knowledge, the attorneys of the Firm do not have any connections with the Debtor, its creditors, any parties in interest, or their respective attorneys, except as specifically set forth in the Declaration.

16. It is necessary that the Debtor employ attorneys under a general retainer to render the above-referenced professional services. For providing bankruptcy advice and assistance, the Firm received a retainer of $27,500. In addition to the filing fee of $1,738.00, $16,041.50 was used to pay for prepetition fees and expenses. The Firm holds the balance of $9,720.50 in its escrow account. The Firm intends to seek further Court orders to approve retainer amounts to be paid into its escrow account and held in trust to pay the Firm's fees and expenses as the case progresses to the extent necessary. Pursuant to its engagement agreement, (i) the Firm will assert a valid and perfected security interest/attorneys' lien in any such retainer as security for its postpetition fees and expenses; (ii) the Firm has conditioned the final approval of its engagement upon such future payment arrangements as may be acceptable to it and/or as approved by this Court in further orders; and (iii) the Firm has reserved its right to withdraw from representation of the Debtor unless adequate assurance is made for compensation of its services as allowed by the Court and said payments are being timely received, with disbursements subject to final approval and allowance of fees and expenses by this Court.

17. The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.

18. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court, proposes to pay the Firm its customary hourly rates as

set forth in the Declaration, which rates may be increased in the ordinary course of business during the pendency of this case, and submits that such rates are reasonable and customary.

19. Notice of this Application has been given to the Debtor, the United States Trustee, the Debtor's creditors and all other parties who are entitled to receive notice in this case pursuant to the bankruptcy rules.

20. No previous request for the relief requested herein has been made to this Court.

WHEREFORE, the Debtor requests:

1. Entry of a final order approving the Debtor's retention of the Firm effective as of July 14, 2023 pursuant to 11 U.S.C. §§ 327(a) and 328(a);

2. Entry of an order allowing the Firm to hold any retainer and additional fee payments in its escrow account in trust and subject to the Firm's valid and perfected security interest/attorneys lien, pending further orders of this Court; and

3. Granting the Debtor such other relief as is just and proper.

CAIR HEATING AND COOLING, LLC

/s/ *Kevin L. Clapp*
Kevin L. Clapp, Member


Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ *Dean A. Langdon*
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION

## **CERTIFICATE OF SERVICE**

      In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by first-class U.S. mail, postage prepaid, or electronic mail on July 14, 2023, on all creditors listed on the initial Master Service List.

      /s/ Dean A. Langdon, Esq.
      COUNSEL FOR DEBTOR
      AND DEBTOR IN POSSESSION
      (UNDER PENDING APPLICATION)