UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

    DEBTOR

CASE NO. 23-31622
CHAPTER 11

**DECLARATION OF PROPOSED ATTORNEY AND
DISCLOSURE STATEMENT PURSUANT TO 11 U.S.C. §§ 329
AND 504 AND FED. R. BANKR. P. 2014(a) AND 2016(b)**

Pursuant to 28 U.S.C. § 1746, I, Dean A. Langdon (the "Declarant"), declare as follows:

1. I am an attorney at the law firm of DelCotto Law Group PLLC (the "Firm").

2. I am admitted to practice before all courts of the Commonwealth of Kentucky, the United States District Courts for the Eastern and Western Districts of Kentucky, the Court of Appeals for the Sixth Circuit, and the United States Supreme Court. I am admitted to practice before this Court.

3. Neither I, the Firm, nor any member or associate thereof, insofar as I have been able to ascertain, has any connection with Cair Heating and Cooling, LLC (the "Debtor"), its creditors, or any other party in interest herein or its respective attorneys and accountants, except as set forth in this Declaration.

4. The attorneys of the Firm have extensive experience in bankruptcy, insolvency, corporate reorganization and debtor/creditor law. The Firm is well-qualified to represent the Debtor herein and is willing to accept employment on the basis set forth in the Application to which this Declaration is attached.

5. To the best of my knowledge, except as stated herein, the Firm has neither in the past nor currently represented any creditors herein in any matters related to the Debtor or its affairs. The Firm appears in cases, proceedings and transactions involving many different attorneys and accountants, some of whom may represent claimants and parties in interest in this case. The Firm does not represent any such entities in connection with this pending Chapter 11 case, nor does it have any relationship with any such entities, attorneys, or accountants that would be adverse to the Debtor or its Estate, except as set forth in this Declaration.

6. The Firm has received payments totaling $27,500 from the Debtor, from which it applied $17,779.50 to pay prepetition fees and expenses, including the filing fee. The Firm holds the sum of $9,720.50 in escrow. The Firm seeks confirmation that it holds a lien against the sums held, or to be held in escrow to secure payment for future services and expenses. The Firm will seek compensation of fees and expenses by the filing of Interim and Final Fee Applications pursuant to 11 U.S.C. §§ 327 and 330.

7. The Firm's current rates range from $235 to $550 per hour for attorneys and $150 to $180 per hour for paralegals, which rates are adjusted periodically and are dependent on complexity, size, and other factors on a case-by-case basis. The Firm charges normal and reasonable charges for expenses such as copying, facsimiles, mileage, postage, etc., for which it intends to seek reimbursement. My hourly rate for this matter is $435 per hour.

8. No promises have been received by the Firm or any member or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm.

9. In accordance with Debtor's Application, the Debtor and the Firm seek entry of a final order to cover the services to be rendered by the Firm from the Petition Date to final approval and allowance of fees and expenses in this case.

10. Upon information and belief, pursuant to Fed. R. Bankr. P. 2014, the Firm has no connections with the United States Trustee or any person employed in the Office of the United States Trustee, except that Jamie L. Harris, a trial attorney in the Office of the United States Trustee is a prior employee of the Firm. Ms. Harris had no knowledge of, or involvement with, the Firm's representation of the Debtor during her prior employment with the Firm. From time to time, the Firm is engaged by various Chapter 7 panel trustees and the Chapter 13 trustee to represent their interests in adversary proceedings. Such representation is not adverse to the Debtor and does not present a conflict of interest.

11. Pursuant to Fed. R. Bankr. P. 5002(b), upon information and belief, the Firm is not, nor has it been, so connected with a Bankruptcy Judge or the United States Trustee as to render the appointment of the Firm improper.

12. The foregoing constitutes the statement of the Firm pursuant to 11 U.S.C. § 329 and 504, and Fed. R. Bankr. P. 2016(b).

13. Based upon information available to me, I believe that Firm is a "disinterested person" as defined in 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and further that the Firm holds no interest adverse to the Debtor or its Estate as to the matters with respect to which it is to be employed.

Under penalty of perjury, I declare the foregoing statements are true and correct.

/s/ *Dean A. Langdon*
Declarant