UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

CASE NO. 23-31622
CHAPTER 11

DEBTOR

**SUPPLEMENTAL DECLARATION OF KEVIN L. CLAPP IN SUPPORT OF DEBTOR'S EXPEDITED MOTIONS AUTHORIZING DEBTOR TO PAY CRITICAL VENDOR CLAIMS AND TO MAINTAIN PREPETITION BANK ACCOUNT AND CASH MANAGEMENT PRACTICES**

Pursuant to 28 U.S.C. § 1746, I, Kevin L. Clapp, declare as follows:

1. On July 14, 2023 (the "Petition Date"), Cair Heating and Cooling, LLC (the "Company") filed a voluntary petition for relief ("Petition") with this Court under Chapter 11, Subchapter V, of the United States Bankruptcy Code (the "Bankruptcy Code").

2. The Company is continuing to operate its business as a debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. My name is Kevin L. Clapp and I have personal knowledge of the matters stated herein and, if called upon to testify, could and would testify competently thereto. My knowledge is based in part on the business records of the Company, of which I have control and possession.

4. I previously submitted a Declaration in Support of Chapter 11 Petition and First Day Motions, which I incorporate herein, the same as if fully set forth.

5. In the ten (10) says since the Petition was filed, I have personally communicated with representatives of most of the general contractors for which the Company performs work, as well as many of the equipment vendors, subcontractors and other suppliers the Company relies upon to operate its business.

1

**I.      BANK ACCOUNTS**

6. The Company maintains one checking account at Fifth Third Bank ("Fifth Third") in Louisville. The Company opened this account in late June, 2023 and Fifth Third issued multiple debit cards in the Company's name, which provide employees authorized by the Company to pay for materials, equipment or services which would otherwise require payment by cash or a credit card.

7. Upon information and belief, the Company could not currently obtain a credit card account. Use of the debit card associated with Fifth Third Bank allows the Company to impose limits on who is authorized to use such cards, provides an immediate and concise method for tracking a wide variety of expenses, and avoids the expense and delay of issuing paper or electronic checks, which is not feasible for employees working in the field.

8. I believe that the transition associated with opening a new checking account, the risk that debit cards would not be issued, and the potential disruption to the Company's operations justifies maintaining its existing bank account at Fifth Third. The Company is willing and able to immediately authorize the U S Trustee's office to access information concerning its bank account at Fifth Third.

9. The Company relies upon a third-party, Payroll Solutions, Inc., to process and issue payment of wages and withholding taxes for its employees. I am concerned that switching to a different bank account might affect Payroll Solutions' ability to efficiently and timely make payments to employees and payment of withholding taxes.

**II.    CRITICAL VENDORS**

10. The Company estimates it has approximately 75 unsecured creditors The Company relies heavily on a limited number of core vendors and suppliers (the "Vendors") in the operation of its business. The Vendors include, but are not limited to the following:

    a)    Daikin Comfort Technologies Distribution, Inc.

    b)    Lennox Industries, Inc.

    c)    Air Mechanical Sales

    d)    2-J Supply Co., Inc.

    e)    AirGas USA, LLC

    f)    Corken Steel Products Co.

    g)    Famous Supply

    h)    Habegger Corp.

    i)    Jackson Systems

    j)    Johnstone Supply

    k)    Cook Manufacturing

    l)    Shape Manufacturing

    m)    Art's Rental

    o)    KCC Manufacturing

11. The Company has committed to provide HVAC equipment from specific manufacturers in connection with certain projects or has already ordered products from specific manufacturers. If the Company did not provide the specified manufacturer's equipment, or delayed performance while ordering and obtaining alternate equipment, it would probably breach

various contracts due to the delay that would occur. Vendors such as Lennox and Daikin fall into this category.

12. In addition, equipment suppliers almost always have a right to file mechanic's or materialman's liens to secure payment for equipment provided. If suppliers file such liens, it could result in the Company being in default under its contract with general contractors. Finally, equipment suppliers are often paid directly by a general contractor, rather than being paid by the Company.

13. In addition, the Company requires sheet metal fabrication to complete its contractual obligations. Shape Manufacturing and KCC Manufacturing provide such services. The Company has contacted other sheet metal fabricators and been quoted prices 2-3 times what is being charged by these vendors.

14. The Company also performs repair and warranty work on units it has installed and is required to obtain replacement parts from original manufacturers to properly complete such work. The Company needs to obtain parts for repair or replacement quickly, and from a vendor which is geographically close to the work being done. The Company has developed relationships with numerous vendors over time who are able to fulfill these requirements and the Company believes that it could not effectively obtain the required replacement parts as and when needed from alternate vendors. These vendors include 2-J Supply, Air Mechanical Sales, Corken Steel Products, Famous Supply, Habegger Corp., Jackson Systems and Johnstone Supply.

15. The Company uses a variety of industrial gases in its operations and has leased containers from AirGas USA to store such gases. AirGas also provides the industrial gases used by the Company and in order to use a different vendor for these products, the Company would be required to return existing containers (including the industrial gases in them) and lease containers

and purchase industrial gases from a different vendor. Transitioning from one vendor to another would create a substantial risk of disrupting the Company's ongoing operations.

16. The Company rents lifts and other equipment in order to perform under its contracts. Arts Rental is conveniently located to many of the Company's existing projects. Having to return rented equipment and replace it would delay and interrupt the Company's work and would likely result in a breach of several agreements with general contractors.

17. I have reviewed the proposed terms for paying critical vendors set forth in the Motion and it is my business judgment that it is in the best interests of the Company to continue using the critical vendors to avoid a disruption of operations, and that vendors are likely to continue providing goods and services under the terms set forth in the Motion, which I have reviewed.

Under penalty of perjury, I declare that the foregoing statements are true and correct.

/s/    *Kevin L. Clapp*
Kevin L. Clapp, Member

Date:  July 25, 2023