IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **Cair Heating and Cooling, LLC** | § | Case No. 23-31622 |
| | § | |
| | § | Judge Charles R. Merrill |
| Debtors. | § | |

### EMERGENCY MOTION TO LIFT THE AUTOMATIC STAY
### TO TERMINATE CONTRACT OF FORGE CONSTRUCTION LLC

Forge Construction, LLC ("Forge"), by its undersigned counsel, Frost Brown Todd LLP, files this Emergency Motion for Relief from the Automatic Stay (the "Motion"). In support of the Motion, Forge respectfully states:

### RELIEF REQUESTED

1. Forge seeks an order (i) granting it relief from the automatic stay so that Forge may immediately exercise its rights pursuant to the Contract (defined below) under applicable non-bankruptcy law, including but not limited to termination of the Contract.

2. As further set forth below, relief to permit Forge to terminate the Contract is appropriate under 11 U.S.C. § 362(d)(1) because the Debtor has defaulted under the Contract and cannot provide Forge any assurance that it can adequately perform under the Contract.

3. Forge further requests that the Court waive the 14-day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) to enable Forge to immediately terminate the Contract. Such a waiver is necessary so that Forge can immediately begin to mitigate the damages associated with the Debtor's inability to perform under the Contract.

### JURISDICTION

4. The United States Bankruptcy Court for the Western District of Kentucky (this "*Court*") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is

a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this case and over this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are section 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.    The Contract**

5.    Prepetition, Debtor and Forge entered into a subcontract (the "Contract") by which Debtor, as a subcontractor, would perform work for Forge on a construction project located at 6021 S. Arlington Ave., Indianapolis, Indiana 46237 (the "Avalon Project"). The Contract is attached as Exhibit 1 to the Meredith Declaration (defined below).

6.    The Contract would pay Debtor $1,163,000.00 to perform work on the Avalon Project. The Contract requires Debtor to "being working as soon as it is notified by [Forge] that the project is far enough advanced for it to start the work as rapidly as [Forge] may judge necessary. Time is of the essence of this Agreement. [Debtor] is to execute this Agreement with sufficient speed and diligence to enable [Forge] and other subcontractors to comply with the Construction Schedule."

7.    The Contract contains a mechanism by which Forge may notify Debtor that in the event of a backlog of work, Debtor must increase manpower, increase working hours, increase working days, and "[r]eschedule activities to achieve maximum practical concurrency of accomplishment of activities and put [Debtor's] work back on schedule."

8.    The Contract requires that at all times, Debtor "shall employ a full-time supervisor… on site with full authority to act as agent for [Debtor]." The supervisor is required to

check in and check out with Forge every workday. The Contract also requires Debtor to submit monthly pay applications.

9. The Contract allows Forge to provide written notice to Debtor of any failures by Debtor under the Contract, and if Debtor fails to cure the failures, Forge is entitled to take action against Debtor up to and including termination of the Contract.

**B.    The Bankruptcy**

10. On July 14, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed in this case, and Debtor is continuing to operate as a debtor in possession.

**C.    Post-Petition Defaults**

11. Debtor's postpetition defaults are numerous, and began in early August, shortly after the Petition Date. As supported by the attached affidavit of Lane Meredith (Exhibit A, the "Meredith Declaration"), Debtor failed to pay its own subcontractors, resulting in those subcontractors abandoning the Avalon Project on or about August 2, 2023. Forge then demanded that Debtor replace the workers from Debtor's own subcontractor with Debtor's own workers, and for the past two months, Debtor has failed to adequately staff the Avalon Project.

12. Attached as Exhibit 2 to the Meredith Declaration is a report (the "Manpower Report") prepared by Forge, which reflects the workers that Debtor has had on site postpetition. In the 45 working days between the Petition Date and September 14, Debtor only had workers on site 25 of those days. On the days that Debtor actually had workers on site, it was generally 2-3 workers. The staffing was inadequate in August but has slowed even more in September. To date, Debtor has only had workers on site six days in September, and on September 19, 2023, the day prior to the filing of this Motion, Debtor had a single worker on site. Forge believes that the Avalon

Project requires at a minimum four workers and more realistically six workers *every day* for Debtor to be able to successfully complete its obligations under the Contract.

13. In breach of the Contract, Debtor has not had a supervisor on site with the authority to act as an agent for Debtor since September 1, 2023. This has frustrated Forge's ability to communicate effectively with Debtor about the needs for the Avalon Project.

14. Forge sent Debtor a 48-hour notice on September 8, 2023 (Exhibit 3 to the Meredith Declaration) putting Debtor on notice that it was falling behind on its work, and was failing to provide appropriate manpower. Debtor did not place a worker on site for *six days* following the notice, and as detailed previously, the staffing was grossly inadequate.

15. The Avalon Project must be completed by November 23, 2023, and it will be difficult for Debtor (and therefore Forge) to complete the required work by then even with full staffing by Debtor each day between today and November 23. Here is a selection of the work that remains incomplete:

  i. Set indoor air handlers, connect supply and return ductwork, connect outside air, braze in linesets, install heater package, install drain, land controls, start-up;
  ii. Set outdoor heat pump condensers, braze in linesets, leakcheck, pump vacuum, land controls, start-up and adjust charge;
  iii. Install eleven common area thermostats;
  iv. Install VTAC Units, install drain, land controls, install thermostat, start-up;
  v. Install remaining grills and registers including linear diffusers and lay-in diffusers;
  vi. Install wall louvers;
  vii. Terminate boiler flue at boiler and at exterior wall;
  viii. Install five electric hanging unit heaters in stairwells;
  ix. Install accessories on RTU's, land controls, start-up;
  x. Install sheet metal fittings and ductwork on RTU's that are configured with horizontal ductwork;

      xi.      Install three mini split heatpumps, and complete inside and outside units; and

      xii.     Install ten baseboard heaters, eight in dining room and two in main entrance vestibule.

16. Here are the materials that should already be on site for the Avalon Project, but that Debtor has failed to procure:

      i.      Indoor Air Handlers and corresponding Heat Pump Condensers – (1) 6-ton, (7) 3-ton, (3) 2-ton and associated materials to ensure operation.

      ii.     (4) VTAC units for common areas.

      iii.    Daikin rooftop accessories including thermostats, economizer, smoke detectors, hail guards, etc.

      iv.    18" X 18" wall louver;

      v.     18" X 12" wall louver;

      vi.    Sheet metal fittings and ductwork to connect RTU's to horizontal ductwork;

      vii.   Sheet metal fittings and ductwork to connect air handlers for common areas;

      viii.  Lay-in diffusers;

      ix.    Additional material to terminate boiler flues;

      x.     Duct insulation;

      xi.    Nitrogen to purge systems and leak check refrigeration;

      xii.   R-410A refrigerant to fine tune the refrigerant charge of all split systems; and

      xiii.  Terminate boiler flue at boiler and at exterior wall.

17. Forge has been sent a notice of intent to file a mechanic's lien on the subject property of the Avalon Project by Debtor's subcontractors that Debtor has failed to pay, in the amount of $363,964.30 (<u>Exhibit 4</u> to the Meredith Declaration), potentially exposing Forge to liability (though Forge does not admit such liability). Given that Debtor's failures regarding this particular notice date to July, Forge is concerned that it may learn of more failures. Debtor has not

5

provided detailed and complete accounting to Forge of all of its financial status with its own subcontractors despite repeated requests.

18. In further breach of the Contract, Debtor has not submitted a pay application to Forge since June. The June application was denied for failure to provide sufficient supporting documentation, meaning that Debtor has not been funded since May, indicating that Debtor has not only failed to honor its obligations under the Contract, but is unable to honor its obligations under the Contract.

19. Debtor remains debtor-in-possession and continue to operate its business but has failed to timely perform its contractual obligations. Debtor has presented no proposal and taken no other action by which it would cure its grossly deficient postpetition performance under the Contract. Forge has no protection against Debtor's failures and will suffer continued damages if it is not allowed to terminate the Contract so that it may timely complete the Avalon Project.

20. Forge was respectful of the bankruptcy process in attempting to give Debtor an opportunity to perform under the Contact, despite Debtor being in violation of the Contract since shortly after the Petition Date. Forge has been in contact with Debtor business-to-business and through counsel numerous times since early August in an effort to resolve these issues. In the days leading up to today, Forge gave Debtor several opportunities to work amicably to prevent the filing of this Motion, but no progress was made. Forge is left with no choice but to move for stay relief and to terminate the Contract.

**TERMINATION OF AUTOMATIC STAY**

21. Forge requests entry of an order pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), lifting the automatic stay to permit Forge to exercise its non-bankruptcy contractual and legal rights and remedies under the Contract, including but not limited to terminate of the Contract. Forge further

requests that the Court waive the requirements of Bankruptcy Rule 4001(a)(3) and direct that the Order granting the requested relief be effective immediately.

## II.     Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1).

22.     Cause exists to grant Forge relief from the automatic stay pursuant to 11 U. S.C. § 362(d)(1).

23.     Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

24.     Debtor has not timely or adequately performed its post-petition obligations under the Contract, and failure to perform is "for cause" grounds for lifting the automatic stay. "Any cause convincing the Court that the stay should be modified is adequate." *In re Anderson*, 36 B.R. 120, 123 (Bankr. D. Haw. 1983). Once Forge has properly alleged cause, the burden is on Debtor to establish that cause does not exist: "The determination of whether cause exists depends on the facts of each case. Section 362(g) imposes the burden of proof as to all matters except the lack of equity in property upon the party opposing relief. Therefore, if the evidence does not preponderantly favor the estate, or is in equilibrium, the court must find that the debtor or trustee has failed to satisfy the burden of proof." *In re Tornado Pizza, LLC*, 431 B.R. 503, 510 (Bankr. D. Kan. 2010) (internal quotation omitted).

25.     For all of the reasons detailed herein, Forge has established cause to terminate the automatic stay and to terminate the Contract. The Contract is ripe for termination due to Debtor's failure to properly respond to the 48-hour notice it was sent to cure its deficiencies. Forge will

7

suffer great financial harm if it is unable timely complete the Avalon Project, and it will be impossible to timely complete the Avalon Project if it remains bound to the Contract with Debtor.

### III.     Waiver of Fourteen Day Stay

26.     Forge requests that the fourteen (14) day stay provided in Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived to enable Forge to immediately enforce and implement the terms of the proposed order.

### EMERGENCY MOTION

27.     Time is of the essence for Forge to complete the Avalon Project, and each day that passes where Debtor's work on the project is understaffed, underfunded, and in breach of the Contract is another day lost for Forge to complete the Avalon Project prior to November 23, 2023. Further, every day that passes is another day where mechanic's lien liability may accrue to Forge due to Debtor's inability or/and apathy towards resolving the existing liens on the subject property and preventing the filing of news liens by timely paying its own subcontractors.

28.     Debtor will not be unfairly burdened by a shortened notice period and an expedited hearing because Forge has been in contact with the Debtor about the Debtor's deficient performance and breaches of the Contract since only a few days after the bankruptcy petition was filed. Debtor is well informed of all of the issues in this Motion, and the filing of this Motion will be no surprised to the Debtor. **Therefore, Forge respectfully requests a shortened notice period of seven (7) days for the Debtor to respond to this Motion, and respectfully requests a hearing to be set within (14) days of the filing of this Motion.**

### CONCLUSION

Forge seeks entry of an order (i) granting it the relief requested herein; and (ii) granting such other and further relief as just and proper.

Dated: September 21, 2023

Respectfully submitted,

*/s/ Bryan J. Sisto*
Bryan J. Sisto
Frost Brown Todd LLP
400 W. Market St., 32nd Floor
Louisville, Kentucky 40202
(502) 779-8755
bsisto@fbtlaw.com

***Counsel for Forge Construction, LLC***

## Certificate of Service

      I certify that on September 21, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Kentucky.

                                                       */s/ Bryan J. Sisto*
                                                       Bryan J. Sisto

0136802.0775369   4864-3979-0209v2