UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CASE NO. 23-31622

CAIR HEATING AND COOLING, LLC                                    CHAPTER 11

DEBTOR

---

**ORDER SETTING BAR DATES AND APPROVING BAR DATE NOTICE**

---

Upon the Motion of Cair Heating and Cooling, LLC (the "Debtor") for an Order (A) Establishing a Bar Date for Filing Proofs of Claims; and (B) Approving Form and Manner of Bar Date Notice; and it appearing that adequate notice of said Motion was given, and it further appearing that no objections having been filed or any timely objections being hereby overruled, and the Court having reviewed the record and being otherwise sufficiently advised and having considered same;

IT IS HEREBY ORDERED as follows:

1.    The Motion[1] is GRANTED.

2.    As used herein, the terms "claim," "entity," and "governmental unit" have the meaning given to them in sections 101(5), 101(15) and 101(27) of the Bankruptcy Code, respectively.

3.    The form of the Bar Date Notice, attached to the Motion as **Exhibit A**, and the Proof of Claim Form, attached to the Motion as **Exhibit B**, and the proposed manner of providing notice of the Bar Dates are approved in all respects pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3). The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

1

requirements of the Bankruptcy Code and the Bankruptcy Rules.  As such, the Debtor is authorized to serve the Bar Date Notice Package in the manner described in paragraph 12 below.

4.      Except as otherwise provided in this Order, all entities other than governmental units (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert any of the following claims described below must file a proof of claim in accordance with the procedures described herein by December 15, 2023 (the "General Bar Date") for all claims against the Debtor that arose or are deemed to have arisen prior to July 14, 2023  (the "Petition Date").

5.      Except as otherwise provided in this Order, all governmental units that assert claims must file a proof of claim in accordance with the procedures described herein by January 17, 2024.

6.      The General Bar Date applies to disputed, contingent or unliquidated claims against Debtor, and the Government Bar Date applies to any claim that arose prior to the Petition Date, including (i) secured claims, unsecured priority claims entitled to priority under sections 507(a)(4), (5) and (8) of the Bankruptcy Code and unsecured nonpriority claims; and (ii) membership or partnership interests in the Debtor.   The 503(b)(9) Bar Date applies to any claim for goods provided to the Debtor in the twenty (20) days prior to the Petition Date. Applications for payment of administrative claims under section 503(b) of the Bankruptcy Code shall be made by separate request in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made only by proof of claim. The failure to file a 503(b)(9) claim by the Bar Date will preclude later seeking allowance of such a claim.

7.      The following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim must be on the Proof of Claim Form attached hereto as **Exhibit B** or otherwise conform substantially to Official Bankruptcy Form No. B 410;

(b)     Proofs of claim must be filed either (i) by mailing the original proof of claim to the Clerk, United States Bankruptcy Court, 601 W. Broadway, Suite 450 Louisville, KY 40202 or (ii) by filing the proof of claim using the Court's CM/ECF system.  Proofs of claim submitted by facsimile or electronic mail shall not be accepted and shall not be deemed properly filed;

(c)     Proofs of claim will be deemed filed only when actually received by the Clerk of Court or when filed using the Court's CM/ECF on or before the applicable Bar Date;

8.      The following entities, whose claims otherwise would be subject to the General Bar Date or the Government Bar Date, as applicable, shall not be required to file proofs of claim in this Chapter 11 case:

(a)     Any entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Western District of Kentucky in a form substantially similar to Official Bankruptcy Form No. B 410;

(b)     Any Interest Holder having a Qualifying Claim listed on the Debtor's list of equity interest holders if such Interest Holder agrees with the information as set forth in the Debtor's list of equity security holders;

(c)     A holder of a claim that previously has been allowed by order of the Court;

(d)     A holder of a claim that has been paid in full by the Debtor in accordance with the Bankruptcy Code or an order of the Court;

(e)     A holder of a claim for which a specific deadline previously has been fixed by the Court (provided that such entity must comply with such other deadline); and

(f)     Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, except for claims arising under 11 U.S.C. § 503(b)(9).

9.      Any entity holding a Rejection Damages Claim arising from the rejection of an executory contract or unexpired lease pursuant to an order (a "Rejection Order") entered prior to the

3

confirmation of a plan of reorganization or liquidation (a "Plan") in the Debtor's chapter 11 case shall be required to file a proof of claim in respect of such Rejection Damages Claim in accordance with the procedures described herein by the Rejection Bar Date.  The Rejection Bar Date shall be the later of (a) the General Bar Date, or the Government Bar Date, as applicable; and (b) 30 days after the date of entry of the applicable Rejection Order, unless an earlier date previously was established by the Court.

10.     The Debtor shall retain the right to (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.  If the Debtor amends or supplements its Schedules after the service of the Bar Date Notice Package, the Debtor shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.  In particular, if the Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a claim against the Debtor or to add a new claim to the Schedules, the affected claimant is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedule Bar Date. The Amended Schedule Bar Date shall be the later of (i) the General Bar Date or the Government Bar Date, as applicable, and (ii) 30 days after the date that notice of the applicable amendment to the Schedules is served on the claimant.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

4

11.     Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in this chapter 11 case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the Debtor, but that fails to properly do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the Debtor that the entity has that (i) is an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving distributions under the Plan in this chapter 11 case in respect of an Unscheduled Claim.

12.     As soon as practicable, the Debtor, shall serve the Bar Date Notice Package, including a copy of the Bar Date Notice and the Proof of Claim Form substantially in the forms attached to the Motion as **Exhibit A** and **Exhibit B**, respectively, by first class mail, postage prepaid, or by electronic mail on:

(a)     all known potential holders of claims as of the date of this Order and their counsel appearing in this Case, including all persons or entities listed in the Schedules as potentially holding claims;

(b)     the U.S. Trustee;

(c)     all persons or entities that have requested notice of the proceedings in this chapter 11 case as of the date of this Order, as reflected on the current Master Service List maintained in this case;

(d)     all persons or entities that have filed proof of claims in this case as of the date of this Order;

(e)     all parties to executory contracts and unexpired leases of the Debtor, as identified in the Schedules;

(f)     all parties to litigation with the Debtor;

5

      (g)     the Internal Revenue Service for this District and all other taxing authorities for the jurisdictions in which the Debtor does business; and

      (h)     such additional persons and entities as deemed appropriate by the Debtor.

13.     Notice of the Rejection Bar Date shall be included in any Rejection Order.  Upon amendments being made to the Schedules, the Debtor shall provide notice to any affected claimholders in substantially the form of the Bar Date Notice, modified as appropriate in the circumstances.

14.     The Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15.     The entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

Charles R. Merrill
United States Bankruptcy Judge
Dated: November 14, 2023

Tendered by:

DELCOTTO LAW GROUP PLLC

/s/  Dean A. Langdon
Dean A. Langdon, Esq.
Ky. Bar No. 40104
200 North Upper Street
Lexington, KY 40507
Telephone:  (859) 231-5800
Facsimile:  (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION

**Fill in this information to identify the case:**

Debtor 1 _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of _____

Case number _____

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes.  From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number      Street | Number      Street |
| City            State        ZIP Code | City            State        ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known) _____          Filed on _____<br> MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☐ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

### Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____ MM / DD / YYYY

_____ Signature

Print the name of the person who is completing and signing this claim:

Name _____ First name    Middle name    Last name

Title _____

Company _____ Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____ Number    Street

_____ City    State    ZIP Code

Contact phone _____    Email _____

| **Print** | **Save As...** | **Add Attachment** | **Reset** |

Official Form 410      **Proof of Claim**      page 3