UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CAIR HEATING AND COOLING, LLC

DEBTOR

CASE NO. 23-31622
CHAPTER 11

**ORDER AUTHORIZING SALE OF CERTAIN ASSETS BY PRIVATE SALE
PURSUANT TO 11 U.S.C. § 363(b) AND (f) AND
APPROVING CARVE-OUT FOR PROFESSIONAL FEES**

Cair Heating and Cooling, LLC (the "Debtor"), having moved the Court, pursuant to 11 U.S.C. §§ 105(a) and 363(b) and (f) for an Order authorizing the sale of the Assets[1] by private sale to the Purchaser for the purchase price of $45,650.00 free and clear of all liens, claims and encumbrances and to carve-out a portion of the sale proceeds for payment of professional fees incurred by the Debtor (the "Motion"), and the Motion having come on for hearing on an expedited basis on December 13, 2023, and it appearing that due and adequate notice of the Motion was given, and no objections having been filed, and any objections at the December 13 hearing being hereby overruled, and the Court having reviewed the record, heard comments from all parties at the hearings, and being otherwise sufficiently advised, and finding that (i) the expedited sale contemplated by the Motion is warranted and in the best interests of creditors and the Estate; (ii) the secured creditors with liens on the assets which are the subject of the Motion voiced support for the sale and its terms; (iii) the Debtor and Purchaser have negotiated the terms of sale in good faith and at arm's length, and the sale is fair and reasonable under these circumstances, and the Court finds that Purchaser is a good faith purchaser pursuant to 11 U.S.C. §363 (m); and (iv) the Assets

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

constitute property of the Debtor's estate and the Debtor is the sole and lawful owner of the Assets and holds good title thereto, and IT IS HEREBY ORDERED AND DIRECTED as follows:

1. The Motion is GRANTED on the terms set forth in the Motion and this Order.

2. Debtor is authorized to sell the Assets to Purchaser on terms substantially similar as those set forth in the Term Sheet attached to the Motion.

3. Pursuant to 11 U.S.C. §363(f), the sale of the Assets shall be and is free and clear of all liens, claims, interests and encumbrances, with same to attach to the proceeds in the same order of priority. The net proceeds from the sale of the Assets shall be deposited into the escrow account of counsel for the Debtor. Upon appointment of a chapter 7 trustee, Debtor's counsel shall promptly remit 85% of same to the chapter 7 trustee for further determination regarding remittance to the secured lenders, with 15% to be held by Debtor's counsel in escrow as an agreed upon carve-out from secured lender's liens for Debtor's counsel's professional fees. Debtor's counsel may apply same to any interim or final allowed fees which have been approved by orders of this Court.

4. Debtor shall file a report of sale upon the closing of the sale of the Assets pursuant to Fed. R. Bankr. P. 6004(f).

5. Pursuant to 11 U.S.C. §363(m), if any provision of this Order is hereafter reversed, modified or vacated by any subsequent order of this Court or any other court, it shall have no effect upon the validity and enforceability of any obligation or right granted pursuant to the terms hereof. Any actions taken by Debtor or Purchaser taken in accordance with the Motion and pursuant to the terms of this Order prior to the effective date of any reversal, modification or vacatur shall be governed in all respects by the original provisions of this Order, the Motion, the Term Sheet and any subsequent transaction documents executed at closing.

6. Debtor is authorized and empowered to take such actions as may be necessary and

appropriate to implement the terms of this Order and to execute such documents as necessary to close the sale prior to conversion of this case.

  7.  Pursuant to Fed. R. Bankr. P. 6004(h), there is no stay of the entry of this Order and it is immediately final and appealable as of the date hereof.

_Charles R. Merrill_
Charles R. Merrill
United States Bankruptcy Judge
Dated: December 19, 2023

Tendered by:

DELCOTTO LAW GROUP PLLC

/s/Dean A. Langdon
Dean A. Langdon, Esq.
KY Bar No. 40104
200 North Upper Street
Lexington, Kentucky  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR

HAVE SEEN AND AGREE:

/s/ Katherine A. Bell
Katherine A. Bell, Esq.
Assistant U.S. Attorney
717 West Broadway
Louisville, KY 40202
(502) 582-5094
Katherine.bell@usdoj.gov
COUNSEL FOR INTERNAL REVENUE SERVICE
AND U.S. SMALL BUSINESS ADMINISTRATION

/s/ Jeff Carruth

Jeff Carruth, Esq.
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
24 Greenway Plaza, Suite 2050
Houston, TX 77046
(713) 341-1158
jcarruth@wkpz.com
COUNSEL FOR DAIKIN COMFORT
TECHNOLOGIES DISTRIBUTION, INC.

HAVE SEEN:

/s/ John R. Stontisch
John R. Stontisch, Esq.
Trial Attorney
OFFICE OF THE U.S. TRUSTEE
601 Broadway Suite 512
Louisville, KY 40202
(502) 582-6000
John.R.Stonitsch@usdoj.gov