UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CAIR HEATING AND COOLING, LLC | ) | CASE NO. 23-31622-crm |
|    Debtor | ) | Chapter 7 |
| _____ | ) | |

## MOTION TO APPROVE SETTLEMENT AGREEMENT
## BETWEEN TRUSTEE AND CLOVER CONSTRUCTION

Wm. Stephen Reisz, trustee of the bankruptcy estate of Cair Heating and Cooling, LLC ("Trustee"), by counsel, moves this Court to approve, under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the settlement agreement between Trustee and Clover Construction Management West Corp., a Delaware corporation ("Clover Construction"), attached as Exhibit 1. To support this motion, Trustee states:

Before it filed Chapter 11, Cair Heating and Cooling, LLC ("Cair") had entered into four subcontracts with Clover Construction to provide labor and materials on four construction projects. Only one of of the projects has been completed, and substantial losses will be incurred on the other three by Clover Construction. According to information supplied to Trustee by counsel for Clover Construction, a summary of the status of the projects is as follows:

| Contract | Contract Amt. | Paid to Debtor | Owed to Debtor's Subs | Est. to Complete |
|---|---|---|---|---|
| McCordsville | $669,600 | $630,545 | $0 | $0 |
| Miami | $944,000 | $385,200 | $45,924.38 | $763,009.71 |
| Jeffersonville | $860,734 | $800,787.30 | $114,712.23 | $146,211.55 |
| Indian Trials | $1,095,915 | $0.00 | $27,903.90 | $1,068,011.10 |
| **TOTAL** | $3,570,249.00 | $1,816,532.30 | $188,540.51 | $1,977,232.36 |

The figures above represent estimates. Based on these estimates, which Trustee has no reason to doubt, the four (4) projects, taken as a whole, have little to no value to Cair's estate.

The settlement agreement that was entered into by Trustee and Clover Construction contains numerous provisions; however, the ones Trustee believes should be highlighted for consideration of this motion are:

1. Clover Construction will pay two of Cair's subcontractors about $61,000.

2. Clover Construction will pay Trustee $15,000.

3. Each of the four existing contracts will be rejected and Clover Construction may file claims for damages caused by the rejections.

4. Trustee waives all claims for damages against Clover Construction; and agrees that Clover Construction may exercise its setoff rights with amounts being withheld by Clover Construction and retainage, etc.

To support this motion to approve this settlement, Trustee states he believes there is a reasonable risk that, should the case proceed with litigation in this Court regarding the issues addressed in the settlement agreement (for example, motions to reject, motions to setoff, etc.) the bankruptcy estate will likely incur expenses which will exceed the value of a recovery Trustee may obtain against Clover Construction. Trustee believes the settlement is fair and in the best interest of the estate.

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n motion by the Trustee and after notice and a hearing the Court may approve a compromise or settlement." The standard in the Sixth Circuit for

determining whether to approve a compromise or settlement under 9019(a) is set forth in

*Olson v. Anderson* (*In re: Anderson*), 377 B.R. 865 (6th BAP 2007):

> "Rule 9019 of the Federal Rules of Bankruptcy Procedure provides: "On motion by the Trustee and after notice and a hearing, the Court may approve a compromise or settlement." The rule offers no guidance as to the criteria to be used in evaluating whether a settlement should be approved, but courts uniformly have drawn from the language of the Supreme Court's decision in *TMT Trailer Ferry* in establishing a "fair and equitable" threshold for settlement approval.

> The Sixth Circuit Court of Appeals has held that "the Bankruptcy Court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." The Court must weigh the conflicting interest of all relevant parties, "considering such factors as the probability of success on the merits, the complexity, and expense of litigation, and the reasonable views of creditors." "A bankruptcy judge need not conduct a mini-trial or write an extensive opinion any time he approves or disapproves a settlement. The judge need only be apprised of the relevant facts and law so that he can make an informed and intelligent decision and set out the reasons for that decision." *Id. at* 870 – 871 (Internal citations omitted).

Under the standards set forth above, Trustee believes the Court should approve the Settlement Agreement.

WHEREFORE, Trustee moves this Court to approve, under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, the settlement described in this motion (including Exhibit 1).

Respectfully submitted,


 /s/ Wm. Stephen Reisz
Wm. Stephen Reisz
Tilford Dobbins & Schmidt, PLLC
401 W. Main St., Ste 1400
Louisville, KY 40202
(502) 584-1000
Counsel for Trustee


Have Seen and Agree to:

 /s/ Jonathan Sundheimer
Jonathan Sundheimer
Barnes & Thornburg LLP
11 South Meridian St
Indianapolis, IN 46204
(317)231-7319
Attorney for Clover Construction


## CERTIFICATE OF SERVICE

I certify that on April 2, 2024, this Motion was electronically filed with the Clerk of Court using the CM/ECF system, which will cause a notification of such filing (NEF) to be sent to all registered users.

 /s/ Wm. Stephen Reisz
Wm. Stephen Reisz